IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION



| | |
|---|---|
| CHRISTOPHER DAVIS | ) CASE NO. 1:09CV2135 |
| Plaintiff, | ) |
| v. | ) JUDGE DAN AARON POLSTER |
| JIM DENNIS, *et al.* | ) MEMORANDUM OF OPINION |
| Defendants. | ) <u>AND ORDER</u> |

Plaintiff *pro se* Christopher Davis brought this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983. Defendants are Jim Dennis, Director, Ron Kuckuck, Supervisor, One Unknown Named White Female Supervisor and Three Unknown Named White Male Officers all employed by Corrections Corporation of Northern Ohio ("CCNO") where he was housed awaiting extradition to Wisconsin. Plaintiff alleges that, on February 4, 2009, he was told that he would be transferred to a maximum security prison. He then asked to speak to Supervisor Kuckuck. When Kuckuck arrived with the three unknown officers, they all grabbed and handcuffed him and dragged him down the hall. The female supervisor was video recording the incident. He was then allegedly shoved face first into the wall and was nearly knocked unconscious, causing blood to be splattered on the wall, the floor and on his clothes. Plaintiff allegedly sustained a cut under his left eye that needed stitches. A while later, a nurse examined him but provided no treatment. On February 6, 2009, he was extradited to Wisconsin. He alleges that because of the excessive force and deliberate indifference to medical care, he now suffers constant headaches, loss of vision in the left eye, sees spots when reading and has migraine headaches.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the following reasons, the Court finds the claim asserted in this action satisfies these criterion.

Eighth Amendment's prohibition against cruel and unusual punishment. It appears that plaintiff had not been convicted of a crime during the time he was located at CCNO. Therefore, the Fourteenth Amendment's Due Process Clause, which protects a pretrial detainee from the use of excessive force that amounts to punishment applies. *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989); *Lanman v. Hinson*, 529 F.3d 673, 680 (6th Cir. 2008); *Leary v. Livingston County*, 528 F.3d 438, 443 (6th Cir. 2008). *See Estate of Owensby v. City of Cincinnati*, 414 F.3d 596, 602 (6th Cir. 2005) (the deliberate indifference standard normally applies in cases, like the present one, where a pretrial detainee is alleged to have been denied adequate medical care).

A violation occurs when prison officials are deliberately indifferent to the serious medical needs of prisoners. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Mere negligence or malpractice is insufficient to establish an [Eighth Amendment] violation. *Bowman, v. Corrections Corp. of America*, 350 F.3d 537, 544 (6th Cir. 2003) (citing *Estelle*, 429 U.S. at 106 n. 14). In order to be found liable, a prison official must know of and disregard an excessive risk to inmate health or safety. "The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008)(quoting *Farmer v. Brennan*, 511 U.S. 825, 837

(1994). Further, the inmate must have a sufficiently serious medical need such that he is "incarcerated under conditions posing a substantial risk of serious harm." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). He must also must show "that the prison official possessed a 'sufficiently culpable state of mind....' Deliberate indifference requires a degree of culpability greater than mere negligence, but less than 'acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Miller v. Calhoun County*, 408 F.3d 803, 813 (6th Cir. 2005)(quoting *Farmer*, 511 U.S. at 834-35).

The alleged facts show that plaintiff may have suffered a serious injury. The defendants having allegedly caused the injury were certainly aware that since plaintiff was bleeding, allegedly profusely, he would need medical care. Yet, he alleges he received no care beyond a look by a nurse.

A plaintiff bringing an excessive force claim against a public official must prove that the official action was, under the factual circumstances of the particular case, objectively unreasonable. *See Graham*, 490 U.S. at 394-97; *Tennessee v. Garner*, 471 U.S. 1, 7-9 (1985); *Phelps v. Coy*, 286 F.3d 295 (6th Cir. 2002); *Estate of Owensby v. City of Cincinnati*, 385 F.Supp.2d 626, 642 (S.D. Ohio 2004).

Plaintiff states that he was pushed into a wall after he merely asked why he was being transferred. The alleged facts show that the alleged assault may not have been reasonable.

Plaintiff included Jim Dennis, the Director of CCNO, and two supervisors, Ron Kuckuck and One Unknown Named White Female Supervisor. The Sixth Circuit held in *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. There are no allegations against Director Dennis. Therefore, he will be dismissed as a party defendant. The

3

complaint states that Supervisor Kuckuck and One Unknown Named White Female Supervisor participated in the alleged excessive force. Also, it is not clear whether the One Unknown Named White Female Supervisor was recording the alleged deliberate indifference to medical care incident. Thus, the two supervisors will remain as defendants.

Accordingly, defendant Jim Dennis is dismissed from this action, and the court certifies that, under 28 U.S.C. § 1915(a)(3), an appeal from his dismissal could not be taken in good faith.[1] As to the remaining defendants, Ron Kuckuck, One Unknown Named White Female Supervisor and the Three Unknown Named White Male Officers, the Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process. The Clerk's Office shall include a copy of this order in the documents to be served upon the defendants.

IT IS SO ORDERED.

Date: _____

JUDGE DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a) (3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.